## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In Re: | |
|---|---|
| Richard S. Brown | Chapter 13 |
| | Case no. 21-13400MDC |
| Debtor. | |

**EXPEDITED MOTION FOR DETERMINATION OF STAY VIOLATION AND FOR RELEASE OF GARNISHED BANK ACCOUNTS BY JUDGMENT CREDITORS, JONATHAN AND CHRISTINA SETHNA**

1. Debtor filed for protection under Chapter 13 on December 29, 2021.

2. Pre-petition judgment creditors, Jonathan and Christina Sethna, through their counsel, levied or garnished debtor's bank accounts at Hatboro Federal Savings and at TD Bank. The execution was pursuant to a judgment entered in the Philadelphia Court of Common Pleas pursuant to a civil action docketed as, December Term, 2006 No. 03680.

3. Debtor's counsel notified counsel for the Judgment creditors immediately upon filing and requested that the garnishment or levy be lifted. Exhibit A.

4. To date, the garnishment or levy of the bank accounts has not been removed to debtor's knowledge.

5. The automatic stay pursuant to 11 U.S.C. 362 requires creditors to stay continuation of collection actions and therefore bestows affirmative duties upon creditors to discontinue garnishments or levies of bank accounts that were commenced.

6. The funds in the Hatboro Federal Savings and TD Bank account must be released from the judgment creditors' levy and remain within the debtor's use and control. The chapter 13 trustee does not liquidate assets under 11U.S.C 1302 (b) (1). The expressed duties of a chapter 7 trustee under 11 U.S.C. 704 (a) (1) collect and liquidate assets is excluded from Section 1302(b) (1). *In Re: Bowker* 245 B.R.192, 195 (Bankr. D. NJ 2000).

7. Debtors in Chapter 13, retain possession of all property of the estate under 11U.S.C. 1306 (b). This includes funds within debtor's bank accounts. In Re: Young. 439 B.R. 211 (Bankr.M.D. Fla. 2012).

8. The banks involved require a dissolution of the attachment by the creditors or a court order to release the levy.

9. The funds in the accounts include exempt proceeds and funds necessary for a successful reorganization. To the extent there are non-exempt funds the non- exempt amount will be factored into any liquidation analysis for a Chapter 13 plan.

Wherefore Debtor prays that this Honorable Court enter an Order for the immediate release of the levy or garnishment by the judgment creditor upon the Debtor's accounts at Hatboro Federal Savings and TD Bank and any other relief that this court deems just.

Respectfully Submitted,

GELLERT SCALI BUSENKELL & BROWN, LLC

Dated: December 30, 2021

*/s/ Michael A. Cataldo*
Michael A. Cataldo (No. 49431)
1628 John F. Kenned Blvd. Suite 1901
Philadelphia, PA 19103
Telephone: (215) 238-0010
Facsimile: (215) 238-0016
mcataldo@gsbblaw.com

*Counsel to the Debtor*